IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Filemon Herrera-Castillo,<br><br>    Defendant. | CR 10-01138-TUC-JMR (JCG)<br><br>**REPORT AND RECOMMENDATION** |

Defendant Filemon Herrera-Castillo was charged with illegal re-entry after deportation on May 26, 2010. The Indictment alleges that Defendant, an alien, entered and was found in the United States after having been excluded, deported, and removed through San Ysidro, California on or about February 25, 2009. (Doc. 5.) The February 25, 2009 order of removal reinstates an order of removal entered on September 20, 2006.[1]

---

[1] At the time the pending Motion was briefed and argued, the government was still attempting to obtain Defendant's alien registration file. Some documents from that file were presented at the hearing, including the February 25, 2009 order of removal. (Response, Ex. 5.) It is not clear precisely which prior order of removal is being reinstated by the February 25, 2009 order. The order states that the Defendant was removed on February 20, 2006. It also states that the defendant was removed on August 3, 2007. (*Id.*) It is unknown whether the August 3, 2007 removal was also a reinstatement of the September 20, 2006 order or a separate order of removal. According to the government, Defendant could have been removed from the United States in August 2007 independent of the September 2006 order; however, once an order of removal is entered, subsequent orders of removal are usually reinstatements of the initial order of removal. If the usual practice proves to be true in this case, the February 2009 removal would be dependent on the September 20, 2006 removal for its authority, as would any order of removal entered between

On August 17, 2010, Defendant filed a Motion to Dismiss Indictment. (Doc. 10.) The Motion to Dismiss challenges the validity of the September 20, 2006 order of removal, and therefore the validity of the February 25, 2009 order reinstating the earlier order of removal. On September 24, 2010, the government filed a Response to the Motion. (Doc. 14.)  On September 27, 2010, Defendant replied.  (Doc. 15.)  This matter came before the Court for a hearing and a report and recommendation as a result of a referral made on May 5, 2010, pursuant to LRCrim 5.1.  Defendant's Motion was set for hearing on September 29, 2010. Defendant, who is presently in custody, was present and represented by counsel.  This matter was submitted following oral argument at the conclusion of the hearing and taken under advisement. A second hearing was held on October 7, 2010, to clarify documentation related to the removal orders challenged by the Defendant.

Having now considered the matter, the Magistrate Judge recommends that the District Court, after its independent review, deny Defendant's Motion to Dismiss Indictment.

## DISCUSSION

The parties agree to the following facts.  Sometime prior to September 20, 2006, Defendant applied for Resident Alien status.  A hearing on his application was scheduled for September 20, 2006, before an Immigration Judge in California.  Defendant received notice of the hearing,[2] however, he did not attend the hearing because he was arrested and

---

September 2006 and February 2009.  For purposes of this motion only, the government concedes and the Defendant agrees that the February 2009 reinstatement of removal is based on the September 20, 2006 removal.

[2] No documentation regarding notice of the September 20, 2006 immigration hearing was presented to the Court; however, Defendant does not dispute that he received notice of the hearing. Pursuant to 8 U.S.C. § 1229(a), an alien in removal proceedings must receive written notice – a Notice to Appear – specifying, in relevant part: (1) the "requirement that the alien must provide the Attorney General immediately with a written record of any change of the alien's address or telephone number" and the consequences of the failure to do so; and (2) the "time and place at which the proceedings will be held."  In the September 20, 2006 Order of Removal, the Immigration Judge made a finding that Defendant "was provided written notification of the time, date and location of the respondent's removal hearing [and] a written warning that failure to attend this hearing ... would result in the issuance of an order of removal provided that removability was established." (Response, Ex. 2, pg. 2.)

1  incarcerated shortly before the hearing on charges related to domestic violence. The
2  Immigration Judge, construing Defendant's failure to appear as an abandonment of
3  Defendant's application, entered an Order of Removal on September 20, 2006. (Response,
4  Ex. 2, pg. 2.) On September 25, 2006, Defendant was convicted in state court of Willfully
5  Inflicting Corporal Injury on a Spouse, a felony, and sentenced to 202 days custody and 5
6  years probation.[3]   (Response, Ex. 3.) A letter informing Defendant of the September 20,
7  2006 Order of Removal was sent to his address at Wallace Avenue, in Madera, California.
8  (Response, Ex. 2, p.1.)  However, an order of protection entered on September 25, 2006 in
9  the state court criminal proceeding prohibited Defendant from contact with a person, who
10 presumably lived at the address to which notice of the Immigration Judge's decision was
11 sent. (Response, Ex. 4.)

12   On January 26, 2009, Defendant was served with a Notice of Intent/Decision to
13 Reinstate Prior Order.   (Response, Ex. 5.)   The Notice informed Defendant of the
14 government's intent to reinstate its September 20, 2006 Order of Removal. (*Id*.) The Notice
15 advised Defendant of his right to contest the government's determination by making a
16 statement to an immigration officer.  (*Id*.) Defendant signed the Notice, acknowledging his
17 receipt and waiving his right to make a statement.  (*Id*.) On January 26, 2009, a Warrant of
18 Removal was executed, ordering the Defendant's removal. (Response, Ex. 6.)  Defendant

---

[3] The date of Defendant's arrest and the date of his release from state custody following his conviction are unclear.  Defendant concedes that the dates in his Motion are incorrect.  At the hearing, Defendant agreed with the government that the September 20, 2006 was the correct immigration hearing date, and further submitted that Defendant was arrested either September 8, 2006 or September 10, 2006 and served 202 days in custody.  The Magistrate finds this claim somewhat implausible; Defendant was sentenced on September 25, 2006 and it appears unlikely that his felony conviction and sentencing would occur only 15 or 17 days  following his arrest.  The government asserts that Defendant was released from state custody on September 25, 2006; presumably it is the government's position that the 202 days in custody referenced in Exhibit 3 are for time served and that Defendant's arrest occurred sometime in the early part of 2006. Regardless, whether Defendant was in custody or not at the time the Order of Removal was entered does not change the Magistrate's conclusion because the Defendant admits to knowledge of the immigration hearing.  Thus, for purposes of this motion, the Magistrate accepts the Defendant's proffer of the facts as true - that he was in custody on September 20, 2006 and served 202 days in custody starting on either September 8 or September 10, 2006.

1 was removed on February 25, 2009. (Doc. 5.) According to the Indictment, Defendant re-
2 entered the United States on or about April 30, 2010. (*Id.*)

## ANALYSIS

Defendant contends that he is entitled to dismissal of the indictment because the underlying September 20, 2006 Order of Removal is fundamentally flawed. "In a criminal prosecution under § 1326, the Due Process Clause of the Fifth Amendment requires a meaningful opportunity for judicial review of the underlying deportation." *United States v. Zarate-Martinez*, 133 F.3d 1194, 1197 (9th Cir. 1998), *overruled on other grounds by United States v. Corona-Sanchez,* 291 F.3d 1201 (9th Cir. 2002) (en banc). Because the removal order serves as a predicate element of an illegal reentry conviction under § 1326, a defendant charged with that offense has a Fifth Amendment right to collaterally attack the removal order. *United States v. Ubaldo-Figueroa*, 364 F.3d 1042, 1047 (9th Cir. 2004).

The government contends that Defendant cannot collaterally attack the September 20, 2006 Order of Removal because it has been superseded by the January 26, 2009 Notice of Reinstatement. However, "when the government relies upon a reinstatement as a basis for a reentry prosecution, due process requires that the defendant have an opportunity to attack the validity of the underlying removal proceeding." *United States v. Arias-Ordonez*, 597 F.3d 972, 981 (9th Cir. 2010).

To sustain a collateral attack on an underlying removal order, a defendant must establish that (1) he exhausted all administrative remedies available to him to appeal his removal order, (2) the underlying removal proceedings at which the order was issued improperly deprived him of the opportunity for judicial review, and (3) the entry of the order was fundamentally unfair. *See* 8 U.S.C. § 1326(d).

**1.     Exhaustion of Administrative Remedies**

Defendant had two opportunities to challenge the September 20, 2006 Order of Removal. First, pursuant to 8 U.S.C. § 1229a(b)(5)(C)(i), Defendant had 180 days from the date of the Order of Removal in which to file a Motion to Reopen. Defendant was advised of the entry of the Order of Removal by letter sent to his address of record; that letter stated:

- 4 -

"This decision is final unless a motion to reopen is filed. . . . If you file a Motion to Reopen, your Motion must be filed with this court." (Response, Ex. 2, pg. 1.)   Defendant denies receiving that notice; the suggestion at the hearing was that notice was not received because the order of protection entered on September 25, 2006 in the state court criminal proceeding prohibited Defendant from contact with a person who lived at the address to which notice of the Immigration Judge's decision was sent.  Even if that were the case, it would not excuse Defendant's failure to pursue his administrative remedies.   8 U.S.C. § 1229(a)(1)(F)(ii) required Defendant to "immediately" notify the government of any change of address.  There is no evidence that Defendant made any attempt to inform the government of his state court criminal proceedings, despite the facts that (1) Defendant knew that he had missed the hearing on his application for resident alien status and (2) Defendant had been previously cautioned by the government that failure to attend the hearing would result in the issuance of an Order of Removal.[4] (Response, Ex. 2, pg. 2.) *See United States v. Hinojosa-Perez*, 206 F.3d 832, 837 (9th Cir. 2000) (a subject of deportation proceedings who fails to keep his address current shall bear the burden of that failure).  Furthermore, 8 U.S.C. § 1229a(b)(5) specifically provides that Defendant is not entitled to notice of the Order of Removal if he fails to inform the government of a change in address.

Second, the 2009 Notice of Reinstatement afforded Defendant an opportunity to contest the reinstatement of his Order of Removal.  (Response, Ex. 5, pg. 1.)  Defendant could have argued to the government at that time that he did not receive notice of the September 25, 2006 Order of Removal.  Defendant acknowledged this opportunity and waived his right to make such a statement.  (*Id.*)

---

[4] As noted previously, Defendant does not dispute that he received notice of the September 20, 2006 immigration hearing and a warning that failure to appear would result in entry of an Order of Removal.

### 2.     Opportunity for Judicial Review

A petition for review filed in the appropriate court of appeals is the "sole and exclusive means of judicial review of an order of removal." See 8 U.S.C. § 1252(a)(5). It is unclear from the pleadings how Defendant believes he was deprived of his opportunity to file a petition for review. To the extent Defendant intends to argue that he was deprived of an opportunity for judicial review because he did not receive notice of the Order of Removal, that argument is without merit for the reasons stated in Section 1, above. Defendant bears the burden of his failure to inform the government of his current address despite having notice of the hearing on his application for resident alien status and knowing the consequences of his failure to appear.

### 3.     Fundamental Unfairness

An underlying removal order is "fundamentally unfair" if: "(1) [a defendant's] due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *Zarate-Martinez,* 133 F.3d at 1197.

The "defect" alleged by Defendant in this case is the entry of an *in absentia* Order of Removal of which Defendant was allegedly never notified. However, the government does not violate due process when it conducts removal proceedings *in absentia* following proper notice to the alien. *Popa v. Holder*, 571 F.3d 890, 898 (9th Cir. 2009). Moreover, Defendant does not have a due process right to notice of an Order of Removal when he fails to apprise the government of his current address as required by statute.

Defendant argues that he was prejudiced by the *in absentia* Order of Removal because, had it not been entered, he would have been charged in the present case for violation of 8 U.S.C. § 1325, a misdemeanor, rather than 8 U.S.C. § 1326(b)(1), a felony. This is not the type of prejudice envisioned by 8 U.S.C. § 1326(d). To demonstrate prejudice, Defendant must demonstrate plausible grounds for relief from deportation. *See United States v. Garcia-Martinez*, 228 F.3d 956, 963 (9th Cir. 2000). Even if Defendant had received notice of the Order of Removal, Defendant does not allege that he would have had grounds for a motion to reopen. 8 U.S.C. § 1229a(e)(1) permits the re-opening of an *in absentia*

1 Order of Removal only upon a showing of "exceptional circumstances," defined as "battery
2 or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien,
3 or serious illness or death of the spouse, child, or parent of the alien, but not including less
4 compelling circumstances beyond the control of the alien." A plain reading of the statute
5 make it clear that incarceration and conviction for domestic violence is not an "exceptional
6 circumstance."

## RECOMMENDATION

In view of the foregoing, it is recommended that, after its independent review of the record, the District Court: DENY Defendant's Motion to Dismiss Indictment. (Doc. No. 10.) The parties have fourteen (14) days to serve and file written objections to the Report and Recommendation. The parties are advised that any objections should be filed with the following caption: **CR 10-1138-TUC-JMR.**

DATED this 12th day of October, 2010.

_____
Jennifer C. Guerin
United States Magistrate Judge